IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00351-WDM-MEH

TRC SELF STORAGE DEVELOPMENT, LLC,

     Plaintiff,

v.

PUBLIC STORAGE, INC., et al.,

     Defendants.

---

## ORDER ON PARTIAL MOTION TO DISMISS

---

Miller, J.

     This matter is before me on Defendants' Motion to Dismiss (doc no 15).  Plaintiff

opposes the motions.  After a review of the pleadings and the parties' written

arguments, I conclude oral argument is not required.  For the reasons that follow, the

motion is granted in part and denied in part.

Background

     Plaintiff is one of two members of Shurgard-TRC Self Storage Development, LLC

(the "LLC"), a Washington limited liability company formed in order to develop and

operate self-storage facilities.  First Amended Complaint and Jury Demand

("Complaint") ¶¶ 1, 6.  Plaintiff has a 25% interest in the LLC.  Complaint ¶ 34.  The

other member is Defendant Shurgard Storage Centers, LLC ("Shurgard"), a wholly

owned subsidiary of Defendant Public Storage, Inc. ("Public Storage").  Complaint ¶ 1.

Shurgard has a 75% interest the LLC.  Complaint ¶ 35.  The basic business plan for the

LLC calls for Plaintiff to locate and develop the storage facilities while Shurgard provides initial financing, to be replaced by conventional financing after development. Complaint ¶ 1.  The individual defendants, David F. Doll ("Doll") and John S. Baumann ("Baumann") are managers of the LLC and employees of Public Storage.  Complaint ¶¶ 15-18.  A third manager, not a party in this action, is appointed by Plaintiff.  Complaint ¶ 32.  The relationship among the entities is governed by several agreements, including project specific agreements.  Complaint ¶ 23.

In June 2003, Plaintiff and Shurgard Storage Centers, Inc., (a predecessor of Shurgard) entered into a financing agreement to develop a facility in the Denver Tech Center area ("DTC Project").  Complaint ¶ 36.  Plaintiff contends that Defendants, in violation of the various governing agreements, refused to obtain conventional financing to repay the Shurgard loan after development of the DTC Project.  Complaint ¶¶ 53, 60-74.  Shurgard's loan was put in default.  Complaint ¶ 81.  In early 2007, the LLC managers appointed by Shurgard, Doll and Baumann, voted to require the LLC's members to contribute capital to the LLC proportionate to each members ownership interest to repay the Shurgard loan; Plaintiff's appointed manager voted against the proposal.  Complaint ¶¶ 82-86.  Plaintiff's manager presented a motion to seek conventional financing, as required by the agreements, to repay the loans, but Baumann and Doll voted against the motion.  Complaint ¶¶ 88-90.  Defendants, claiming an impasse, sought to dissolve the LLC.  Complaint ¶¶ 91-93.  Plaintiff contends that Defendants have violated several provisions in the agreements and that Shurgard is not entitled to dissolution because it manufactured the alleged impasse.

Complaint ¶¶ 94, 96-101.

Plaintiff asserts seven causes of action: (1) declaratory judgment of the parties' rights and obligations under the various agreements against all Defendants; (2) breach of the LLC agreement against Shurgard; (3) breach of fiduciary duty against Shurgard, Doll, and Bauman; (4) intentional interference with contractual obligations against Public Storage, Doll, and Baumann; (5) civil conspiracy against all Defendants; (6) breach of the development management agreement against Shurgard; and (7) breach of the affiliation and development agreement.

<u>Standard of Review</u>

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

<u>Discussion</u>

Defendants seek to dismiss several of the claims and to strike Plaintiff's request for punitive damages. First, Defendants argue that the declaratory judgment claim against the individual defendants should be dismissed. Second, they contend that the civil conspiracy claim should be dismissed in its entirety. For the reasons discussed below, I agree with Defendants that the declaratory judgment and civil conspiracy claims against the individual defendants should be dismissed and that Plaintiff cannot

include a claim for punitive damages in its Complaint.  However, I will not dismiss the civil conspiracy claims asserted against the corporate entities.

1.      Declaratory Judgment

Defendants first contend that since Doll and Baumann are not parties to any of the relevant agreements, the declaratory judgment claim should be dismissed against them.  In response, Plaintiff contends that these managers are "interested parties" who will be required to act on behalf of the LLC to take whatever actions are needed to effectuate the declaratory judgment.  I agree with Defendants.

The Complaint makes clear that Plaintiff seeks a declaration of rights and obligations under the various agreements to which only the entities are parties.  The federal declaratory judgment statute, 28 U.S.C. § 2201 vests a district court with the authority to declare the rights and other legal relations of any interested party in "a case of actual controversy" within the court's jurisdiction.  This authority should be exercised at the court's discretion, considering such factors as "(1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citation omitted).

There is no "actual controversy" between Plaintiff and the two individual managers with respect to the rights and obligations of the parties pursuant to the agreements. Accordingly, there is nothing for me to declare with respect to their legal relations and no remedy to award in connection with any contractual rights or obligations. Plaintiff is correct that an interested party need not be a party to a contract; nonetheless, in this case, the individual managers simply have no legally protectable interest in the contractual dispute. They have no financial stake in the result and no legal rights or obligations will be imposed upon them personally, regardless of the outcome. Their only role would be to act on behalf of the corporate entity in their official capacities to effectuate the judgment. However, Plaintiff concedes that the LLC would be required to comply with any orders of this Court regardless of who acts as manager. Accordingly, including these defendants individually "would serve no useful purpose" for the purposes of the declaratory judgment claim. *St. Paul Fire & Marine Ins. Co. v. Aetna Cas. & Sur. Co.,* 357 F.2d 315, 316 (10th Cir. 1966).

2.     Civil Conspiracy

Defendants also argue that the civil conspiracy claim fails in its entirety because the various individuals and corporate entities cannot legally "conspire" with each other, given their legal relationships. I agree with respect to the individual Defendants but conclude that, given the standard governing a motion to dismiss, Plaintiff has alleged sufficient facts to state a claim for a conspiracy between Shurgard and Public Storage.

Defendants contend that where a subsidiary acts as an instrumentality of a parent company, a claim of common law civil conspiracy cannot be maintained. They

cite *Friedman & Son, Inc. v. Safeway Stores, Inc.*, 712 P.2d 1128 (Colo. App. 1985) for

this proposition and recite a four factor test, which they contend is satisfied by the

allegations in Plaintiff's Complaint.  In *Friedman,* the division of the Colorado Court of

Appeals noted that factors entering into an instrumentality analysis include, *inter alia*,

(1) whether the parent corporation owns all or a substantial share of the subsidiary's

stock; (2) whether the parent corporation financially supports the subsidiary; (3)

whether substantially all of the subsidiary's business is with the parent corporation; and

(4) whether the directors of the subsidiary take direction from the parent corporation.

712 P.2d at 1131.

    Defendants correctly cite the basic holding of *Friedman* but fail to observe that

*Friedman* was decided on summary judgment, not on a motion to dismiss.

Determination of whether a parent company is using its subsidiary as a mere

instrumentality or alter ego is primarily a question of fact.  *Yoder v. Honeywell, Inc.,* 104

F.3d 1215, 1221 (10th Cir. 1997).   Moreover, drawing all reasonable inferences in

favor of Plaintiff, the Complaint shows that several of the factors identified in *Friedman*

are lacking.[1]  For example, there are virtually no allegations about Shurgard's business

other than its membership in the LLC and nothing that would compel the inference that

Shurgard does substantially all its business with the parent corporation.  In addition,

Plaintiff's allegations contain no information about the financing of Shurgard.  Most

importantly, Plaintiff has not alleged as a theory of liability that Shurgard is an alter ego

---

[1]I disagree with Defendants that only four factors are used to determine whether
a subsidiary is an instrumentality of the parent company.  For example, in *Yoder,* the
Tenth Circuit identified at least ten factors that could enter into the analysis under
Colorado law.  104 F.3d at 1221.

of Public Storage.  Under the circumstances, I cannot conclude that Plaintiff would be

legally precluded from asserting a claim of civil conspiracy against these two entities.

    In contrast, I agree that Plaintiff cannot state a claim against the individual

Defendants for allegedly conspiring with the corporate entities.  "A corporation and its

employees do not constitute the 'two or more persons' required for a civil conspiracy, at

least if the employees are acting on behalf of the corporation and not as individuals for

their individual advantage."  *Pittman v. Larson Distributing Co.*, 724 P.2d 1379, 1390

(Colo. App. 1986) (internal punctuation and citations omitted).  All wrongful actions

alleged to have been taken by the individual defendants appear to have been taken in

their capacities as employees or agents of the defendant entities, not for their individual

advantage.  Accordingly, dismissal of the conspiracy claim against the individuals is

appropriate.

3.    Punitive Damages

    Finally, Defendant seek to strike Plaintiff's claim for relief for punitive damages.

Under Colorado law, a plaintiff may not include a claim for punitive damages in an

initial pleading.  C.R.S. § 13-21-101(1.5)(a).  Jurisdiction in this matter is based on

diversity and so I must apply the analysis of *Erie R. R. Co. v. Tompkins*, 304 U.S. 64

(1938) to determine whether this state law should be applied in this federal proceeding.

Although there is no controlling Tenth Circuit decision on this issue,  I agree with the

analysis of my colleague, former Chief Judge Lewis T. Babcock, in *Hartshorn Prop.,*

*LLC v. BNSF Railway Co.*, Case No. 06-cv-00663-LTB-CBS, 2006 WL 361892 (D.

Colo. Dec. 7, 2006), who determined that although section 13-21-101(1.5)(a) does not

conflict with any of the Federal Rules of Civil Procedure, it has a substantive impact and could produce forum shopping.  Accordingly, I will apply Colorado's state law barring a claim for punitive damages in a complaint.

Accordingly, it is ordered:

1.      The Motion to Dismiss (doc no 15) is granted in part.  The declaratory judgment and civil conspiracy claims against Defendants Doll and Baumann are dismissed but remain pending against the other defendants.  Plaintiff's request for punitive damages is stricken from the First Amended Complaint.  All other claims and claims for relief remain pending.

DATED at Denver, Colorado, on October 4, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge